**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHNNIE FIGUEROA, | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| vs. | : | NO. |
| | : | |
| MAACO AUTO PAINTING AND | : | JURY TRIAL DEMANDED |
| BODY WORKS, | : | |
| Defendant | : | |

## COMPLAINT

1. The Plaintiff, Johnnie Figueroa, is an adult individual residing at 1621 East Eighth Street, Bethlehem, Northampton County, Pennsylvania 18015.

2. The Defendant, Maaco Auto Painting and Body Works, is a business entity owned by Alan Trautman and organized under the laws of the Commonwealth of Pennsylvania with offices at 2744 Easton Avenue, Bethlehem, Northampton County, Pennsylvania 18017.

## JURISDICTION

3. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and §1343, and Title VII of the Civil Rights Act of 1964, as amended ["Title VII"], 42 U.S.C. §2000(e) et seq.

4. All conditions precedent to jurisdiction under Title VII have occurred or been complied with, to wit: Plaintiff filed a Charge of Employment Discrimination with the Equal Employment Opportunity Commission ["EEOC"] within 180 days of the unfair employment practice; a Notification of Right to Sue was issued by the EEOC on August 1, 2006, and Plaintiff filed this Complaint within 90 days of receipt of the Notification of Right to Sue.

5. Defendant is an employer within the meaning of Title VII in that it is engaged in an industry that affects commerce and employs more than fifteen (15) employees for such working day in each twenty or more calendar weeks in the current or preceding year.

6. At all times herein relevant, Defendant significantly affected or controlled Plaintiff's access to employment at Defendant's place of business.

7. In about 1996 Defendant hired Plaintiff to work masking and painting at Defendant's aforesaid premises.

8. At all times herein relevant, Plaintiff worked diligently and professionally with an excellent work, performance and attendance record for Defendant.

9. Plaintiff is a male of Hispanic descent.

10. During the course of Plaintiff's employment with Defendant, Defendant had actual or constructive knowledge that Defendant's supervisors, agents and employees subjected Plaintiff to a pervasive pattern and practice of demeaning, derogatory verbal abuse based upon Plaintiff's race and/or national origin.

11. At all relevant times, Defendant knowingly promoted, condoned, sanctioned and/or acquiesced in providing a workplace hostile and invidiously discriminatory toward Hispanic employees, including Plaintiff.

12. During 2004, Defendant asked Plaintiff to lie in an EEOC proceeding on a charge brought against Defendant by another Hispanic employee, Jorge L. Pena, concerning Defendant's invidious discrimination against Pena based upon his race, and/or national origin.

13. At all relevant times, Plaintiff refused to lie before the EEOC concerning Defendant's invidious discrimination against Pena and Hispanic employees.

14. From the time Plaintiff refused to lie before the EEOC, as Defendant has asked him to do, Defendant intentionally made Plaintiff a more frequent target of verbal harassment and threats based upon his race, and/or national origin.

15. On August 14, 2004, Defendant intentionally, purposefully terminated Plaintiff's employment due to his race, and/or national origin or in retaliation for Plaintiff's refusal to lie before the EEOC.

## COUNT ONE

16. The allegations of Paragraphs 1 through 15 inclusive are incorporated herein as if fully set forth at length.

17. Prior to August 14, 2005, Defendant intentionally, purposefully subjected Plaintiff to invidious discrimination based upon his race and/or national origin.

18. On August 14, 2005, Defendant intentionally, purposefully terminated Plaintiff's employment out of animus against him based upon his race and/or national origin.

19. As a direct and proximate result of Defendant's intentional invidious discrimination against Plaintiff, Plaintiff suffered mental anguish, pain and suffering, anxiety, distress, stress, humiliation, sleeplessness and loss of reputation in an amount to be determined.

20. As a direct and proximate result of Defendant's invidious discrimination against Plaintiff, Plaintiff suffered damages due to loss of past and future wages, earning capacity, and benefits in an amount to be determined.

21. Plaintiff seeks reinstatement to his prior employment, together with loss of earnings and earnings capacity because of his loss of employment.

22. Defendant's actions were outrageous, intentional willful, wanton, malicious, and in deliberate disregard of Plaintiff's rights entitling Plaintiff to punitive damages in an amount to be determined.

WHEREFORE, Plaintiff, Johnnie Figueroa, prays as follows:

a) Plaintiff demands judgment against Defendant in an amount to be determined, together with interest, costs of suit and reasonable attorney fees; and

b) Plaintiff demands reinstatement to his former or a comparable position together with back pay, commissions, and benefits plus interest, costs of suit and attorney fees.

## **COUNT TWO**

23. The allegations of Paragraphs 1 through 22 inclusive are incorporated herein as if fully set forth at length.

24. Prior to August 14, 2005, Defendant intentionally, purposefully subjected Plaintiff to invidious discrimination and threats in retaliation for Plaintiff's insistence on telling the truth to the EEOC about Defendant's invidious discrimination against Hispanic employees.

25. On August 14, 2005, Defendant intentionally, purposefully terminated Plaintiff's employment in retaliation against Plaintiff for Plaintiff's refusal to lie to the EEOC about Defendant's treatment of Hispanic employees.

26. As a direct and proximate result of Defendant's intentional invidious discrimination against Plaintiff, Plaintiff suffered mental anguish, pain and suffering,

anxiety, distress, stress, humiliation, sleeplessness, and loss of reputation in an amount to be determined.

27. As a direct and proximate result of Defendant's invidious discrimination against Plaintiff, Plaintiff suffered damages due to loss of past and future wages, earning capacity, and benefits in an amount to be determined.

28. Plaintiff seeks reinstatement to his prior employment, together with loss of earnings and earnings capacity because of his loss of employment.

29. Defendant's actions were outrageous, intentional willful, wanton, malicious, and in deliberate disregard of Plaintiff's rights entitling Plaintiff to punitive damages in an amount to be determined.

WHEREFORE, Plaintiff, Johnnie Figueroa, prays as follows:

a) Plaintiff demands judgment against Defendant in an amount to be determined, together with interest, costs of suit and reasonable attorney fees; and

b) Plaintiff demands reinstatement to his former or a comparable position together with back pay, commissions, and benefits plus interest, costs of suit and attorney fees.

THE ORLOSKI LAW FIRM

    RJO2737
Richard J. Orloski,
Attorney for Plaintiff
Attorney ID No.: 09857
111 N. Cedar Crest Blvd.
Allentown, PA 18104
610-433-2363